**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**

**HUMBERTO GONZALEZ-VALENCIA,**

      **Defendant.**

      **Case No. 2:15-cv-00091(2)**
      **JUDGE GREGORY L. FROST**

**OPINION AND ORDER**

This matter is before the Court for consideration of the Government's motion for admission of co-conspirator statements (ECF No. 68), and Defendant's response in opposition (ECF No. 70). For the reasons that follow, the Court **GRANTS** the motion.

**I.**     **BACKGROUND**

Defendant is charged with conspiring to possess with intent to distribute methamphetamine, or "ice." This motion involves statements made between alleged co-conspirators Simon Velasquez-Gonzales ("Simon") and a cooperating informant ("CW") who is expected to testify at Defendant's trial.

The government expects to present the following evidence at trial: between January and February of 2015, CW was a member of a group, the purpose of which was to traffic ice. Simon also was a member of the group. At some point during this time frame, Simon approached CW about bringing an additional male into the group to help with the group's trafficking activities. Simon asked CW if the new male could stay at CW's residence when he arrived in Columbus. CW declined.

A few weeks later, Simon introduced Defendant to CW. Simon informed CW that Defendant had recently arrived in Columbus and was helping Simon. Simon further informed CW that Defendant was the male he had referenced earlier when asking if a new male could stay at CW's residence.

Subsequent to these conversations, Defendant participated in three deliveries of ice with Simon. The Government contends that these facts, if proven, satisfy the co-conspirator exclusion to the hearsay rule, Federal Rule of Evidence 801(d)(2)(E). The Government concludes that the Court should admit the above-referenced statements in the Government's case-in-chief, subject to the proper foundation at trial.

Defendant opposes the motion. The Court will consider the parties' arguments below.

## II. ANALYSIS

Federal Rule of Evidence 801(d)(2)(E) provides:

> A statement that meets the following conditions is not hearsay:
>
> . . .
>
> The statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy.

In order to admit a statement under this Rule, three "foundational prerequisites" must be satisfied: "that a conspiracy existed; that [the] defendant was a member of the conspiracy; and that the declarant's statement was made during the course and in furtherance of the conspiracy." *United States v. Conrad*, 507 F.3d 424, 429 (6th Cir. 2007) (quoting *United States v. Maliszewski*, 161 F.3d 992, 1007 (6th Cir. 1998)). The Government must prove each of these elements by a preponderance of the evidence. *Id*. The Court, which "may consider the hearsay statement itself," must make a preliminary factual finding to determine if Rule 801(d)(2)(E)

applies.  *United States v. Henderson*, 307 F. App'x 970, 977 (6th Cir. 2009) (citing *Bourjaily v. United States*, 483 U.S. 171, 177–78 (1987)).

  Here, Defendant disputes that the Government's evidence is sufficient to prove the third element of the test set forth above.  Specifically, Defendant argues that the statements were not made in furtherance of the conspiracy because asking CW if a male could stay with him provides "no insight into [Simon's] motive for bringing a new male to Columbus, nor why he asked CW to house him."  (ECF No. 70, at PAGEID # 168.)  Defendant adds that "introducing [Defendant] to CW is not sufficient to demonstrate that the conspiracy involving methamphetamine was being furthered."  (*Id*.)  Finally, Defendant argues that "[n]one of the three occasions in which [Defendant] was viewed with [Simon] involved [Defendant] possessing methamphetamine or money from the transactions."  (*Id*.)

  Having considered the parties' arguments, the Court finds that the Government's proffered evidence, if proved, satisfies the foundational prerequisites of Rule 801(d)(2)(E).  Taken as a whole, the evidence makes it more likely than not that a conspiracy existed, that Defendant was a member of the conspiracy, and that Simon's statements to CW were made during the course of and in furtherance of the conspiracy.  The statements to CW served to identify a new member of the conspiracy, which makes them "in furtherance of the conspiracy" within the meaning of Rule 801(d)(2)(E).  *See, e.g., United States v. Henderson*, 307 F. App'x 970, 977 (6th Cir. 2009) ("Statements have been found to be in furtherance of a conspiracy where they 'identify other coconspirators and their roles . . . .'" (quoting *United States v. Hitow*, 889 F.2d 1573, 1581 (6th Cir. 1989)).

  Defendant's arguments to the contrary ignore the totality of the circumstances.  Although the facts that Defendant was introduced to CW, or that Defendant was with Simon when a drug

3

transaction took place, may not themselves prove Defendant's role in the conspiracy, this evidence in connection with other evidence (such as the fact that CW had been informed that a new member was joining the conspiracy, for example) makes the conspiracy more likely than not.  Defendant's arguments also mischaracterize the evidence, which provides significant insight into Simon's "motive for bringing a new male to Columbus" (i.e., in order to "help" Simon with the distribution of narcotics).  (ECF No. 68, at PAGEID # 159.)

The Court concludes that the Government has met its burden in demonstrating that Rule 801(d)(2)(E) has been satisfied in this case.  Simon's statements to CW are admissible in the Government's case-in-chief, subject to the proper foundation at trial.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's motion.  (ECF No. 68.)

**IT IS SO ORDERED**.

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**